# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 6, 2013

## MACK TRANSOU v. JERRY LESTER, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6640      Joseph Walker, Judge**

_____

**No. W2013-00293-CCA-R3-HC  -  Filed October 21, 2013**

_____

The petitioner, Mack Transou, appeals the summary denial of his fourth pro se petition for writ of habeas corpus.  In 1999, the petitioner pled guilty to driving after being declared a habitual motor vehicle offender and received a two-year sentence, which was to be served in Community Corrections after ninety days incarceration.  Based upon a blood sample taken from the petitioner as part of the intake process, he was later convicted, in two separate cases, of two counts of rape, one count of sexual battery, and one count of aggravated burglary.  He is currently serving an effective thirty-four year sentence in the Department of Correction on those convictions.  On appeal, he contends that the habeas corpus court erred in summarily denying his petition.  Following review of the record, we affirm the court's determination.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Mack Transou, Whiteville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Senior Counsel, for the appellee, Jerry Lester, Warden.

## OPINION

### Procedural History

As previously noted by this court, "[t]his case is procedurally complex, due in large part to the petitioner's numerous and varied pro se motions and pleadings in which he repeatedly raises the same claims." _Mack Transou v. State_, No. W2010-01313-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 247, at *1 (Tenn. Crim. App., Mar. 31, 2011), _perm. app. denied_, (Tenn., June 1, 2011).  The

petition filed in the instant case appears to be yet another challenge to issues which have been previously resolved.

On March 22, 1999, the petitioner entered a guilty plea to driving after being declared a habitual motor vehicle offender, a Class E felony. Thereafter, he was sentenced to a term of two years, which was to be served on Community Corrections following service of ninety days. In a previous appeal to our supreme court, it was noted that the petitioner was subsequently incarcerated following a revocation of that sentence and that:

> During intake processing at the prison, [the petitioner] signed a consent form and submitted to a blood draw. A DNA analysis was performed and the results were submitted to CODIS. [The petitioner's] DNA profile was eventually matched to profiles developed from forensic evidence in two unsolved crimes: the reported rape of S.K. in December 2001 and the reported rape of C.T. in March 2002.

*State v. Scarborough*, 201 S.W.3d 607, 612 (Tenn. 2006). As a result, the petitioner was charged with aggravated burglary and rape for his involvement in the 2001 incident. He was also charged with rape and sexual battery arising from the incident in 2002. In each of the cases, the petitioner filed a motion to suppress the evidence obtained pursuant to the 1999 blood draw taken while he was in prison. *Id*. Following convictions in both cases, the petitioner was sentenced to an effective sentence of thirty-four years. The petitioner appealed, challenging the constitutionality of the DNA collection statute and the sufficiency of the evidence. The convictions were affirmed on appeal by this court and the Tennessee Supreme Court. *Id*.

At this point, the petitioner began filing multiple pleadings and motions in which he consistently asserted that his DNA profile had been unlawfully obtained. On July 15, 2005, the petitioner filed an application for writ of habeas corpus relief, alleging that he was entitled to immediate relief from confinement. *Mack Transou v. State*, No. W2005-01935-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 205, at *4 (Tenn. Crim. App., Mar. 7, 2006). The petitioner's specific complaint was that the convictions for which he was currently confined were obtained as a result of the illegal action of the Department of Correction in obtaining the blood sample used to identify him as the perpetrator of the crimes in the later cases. *Id*. The petitioner also asserted that: (1) the 1999 conviction for driving after being declared a habitual motor vehicle was illegal based upon a revocation of the "probated" portion of that sentence; and (2) the policies of the Tennessee Department of Correction violated his rights to due process. *Id.*

In denying relief, the habeas corpus court concluded that: (1) the court in which the petition was filed lacked venue; (2) the issue of the legality of the DNA evidence could not be raised in a petition for habeas corpus; (3) the issue of the DNA evidence had been previously determined as the evidence had been ruled admissible in the trial court, a ruling affirmed upon appeal; and (4) the petition for relief had not been verified by the petitioner and that he had failed to include a copy of the judgment which was being challenged. *Id*. at *5-6 The petitioner appealed, and this court affirmed the denial concluding that: (1) the petitioner had failed to comply with the mandatory

procedural requirements for habeas corpus petitions; (2) the petitioner failed to state a ground for habeas corpus relief; and (3) that the issue of the admissibility of the DNA evidence had been raised on direct appeal and was pending review. *Id*. at *7-9.

On August 1, 2005, while his direct appeal was still pending, the petitioner filed a petition for post-conviction relief from his 2003 convictions for aggravated burglary and rape, alleging that the DNA profile linking him to the crimes had been illegally obtained and that he was denied pretrial jail credits that would have resulted in the expiration of his sentence prior to the time that his blood was drawn. *Mack Transou v. State*, No. W2010-01378-CCA-R3-CO, 2011 Tenn. Crim. App. LEXIS 393, at *3 (Tenn. Crim. App., June 1, 2011). The trial court summarily dismissed the petition on August 31, 2005, on the basis that the DNA issue had been previously determined and because a post-conviction petition was not the appropriate avenue for challenging the calculation of pretrial jail credits that had been awarded toward the petitioner's sentence in an unrelated case. *Id*. at *3-4. The petitioner, in 2008, filed a petition to reopen in which he essentially reiterated the arguments raised in the original petition. *Id*. The court entered an order dismissing the petition to reopen, finding, among other things, that the petitioner had failed to comply with the statutory requirements for filing a motion to reopen a post-conviction petition and that the petitioner's allegations regarding the DNA evidence had been previously litigated and decided on appeal. *Id*. The dismissal was affirmed on direct appeal. *Id*. at *5.

In 2009, the petitioner filed yet another motion to reopen his petition for post-conviction relief. *Id*. The motion was apparently not pursued, as there is nothing in the record with regard to this motion. However, in 2010, the petitioner filed a "Motion to Reconsider Post[-]Conviction Or in the Alternative, Petition For A Delayed Appeal," in which he again contended that the blood draw had been illegal. *Id*. The post-conviction court subsequently entered a detailed order dismissing the petition. *Id*. The court found that the petitioner was "simply attempting to re-litigate issues" that had been previously determined or waived and that he "ha[d] in no way been denied any appeal." *Id*. (citing *Mack Transou v. State*, W2010-01313-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 247 (Tenn. Crim. App., Mar. 31, 2011)). This court thereafter dismissed the petitioner's appeal because he had failed to comply with the statutory requirements for seeking discretionary review of a denial of a motion to reopen a post-conviction petition. *Id*. at *6. Thereafter, the petitioner filed a motion for writ of certiorari or, in the alternative, writ of error with this court. In that motion, the petitioner challenged his probation revocation, claiming that his sentence had expired, the legality of the blood draw, the legality of his sentence, and that he received ineffective assistance of counsel. *Id*. The trial court dismissed the petition, and this court affirmed on appeal. This court agreed with trial court's statement that "the gist of the petitioner's complaints . . . [are] that his DNA was wrongfully obtained either through deception or coercion or that his sentence for the original felony conviction for driving after having been declared a habitual offender had expired before his DNA were taken by the Tennessee Department of Correction [ ]" and that courts have previously decided these claims. *Id*., at *8.

While the above cases were still progressing through the courts, on November 3, 2008, the petitioner again filed a petition for a writ of habeas corpus claiming that his DNA was collected

illegally. *Mack Transou v. State*, No. W2008-02713-CCA-R3-HC, 2009 Tenn. Crim. App. LEXIS 537, at *3 (Tenn. Crim. App., Jul. 9, 2009). The habeas corpus court dismissed the petition based upon the following: (1) that the petitioner was seeking to address issues previously litigated "numerous times [ ] pretrial, on appeal, during post conviction, and in a previous habeas corpus petition:" (2) that the petition was filed in the wrong county; and (3) that the petition was not sworn. *Id*. This court affirmed the dismissal, noting that his argument that the collection of his DNA was improper or unconstitutional had been previously adjudicated to be without merit. *Id*. at *8. The court also determined that the admissibility of DNA evidence was an issue which would render a judgment voidable, not void, and, thus, did not constitute a ground for habeas corpus relief and that the petitioner had failed to comply with the procedural habeas corpus requirements. *Id*.

In January 2012, the petitioner filed a third petition for writ of habeas corpus in which he contended that "the judgments regarding the probation revocation proceedings occurring on the dates of July 29, 1999 and July 17, 2000 were illegal and void." *Mack Transou v. Dwight Barbee, Warden*, No. W2012-00258-CCA-R3-HC, 2012 Tenn. Crim. App., LEXIS 331, at *4 (Tenn. Crim. App., at Jackson, May 17, 2012). The petitioner also maintained that the State had violated his constitutional rights by subjecting him to DNA testing when he was incarcerated following the revocation. *Id*. He did acknowledge that the petition was his third and "concede[d] to raising issues similar to those as included therein" previously. *Id*. The habeas court again dismissed the petition, finding that: (1) the petitioner failed to attach a copy of the judgment causing restraint; (2) the petitioner failed to show his sentence was illegal; and (3) the issues raised had been previously determined. *Id*. On appeal, this court affirmed the dismissal. *Id*. at *9.

Thereafter, on December 20, 2012, the petitioner filed yet another petition for writ of habeas corpus, the petition which is the subject of the instant appeal. On January 11, 2013, the habeas corpus court again entered an order summarily dismissing the petition. The petitioner has timely appealed.

## Analysis

On appeal, the petitioner has put forth yet another argument attacking the validity and constitutionality of the taking of his blood while he was incarcerated following a 1999 conviction and the later use of his DNA profile in the CODIS computer. In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." T.C.A. § 29-21-101 (2010). Further, the plain language of the habeas corpus statute permits petitioners to attack only those judgments which cause the petitioner to be "imprisoned or restrained of his liberty." *Id*. The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers*, 212 S.W.3d

at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id*. at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *Dykes*, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt*, 24 S.W.3d at 322.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107.

In its written order dismissing the petition, the habeas corpus court noted that the petitioner had filed his petition "alleging the same complain[t]s about the DNA sample which was drawn upon admission to TDOC on probation revocation." The court then briefly noted the history of this case and, specifically, that the issue regarding the admissibility of the blood samples had been addressed by our supreme court in the direct appeal of this case when the court affirmed the denial of the motion to suppress. The habeas corpus court concluded that the petitioner had failed to establish that his sentence was illegal and that "[t]he appellate courts have ruled on these issues." As such, the petition was summarily denied.

In the pro se petition filed by the petitioner, he seems to argue that his two-year driving after being declared a habitual vehicle offender sentence had expired prior to his being found in violation of the probationary sentence because of incorrect application of jail credits. He continues with an assertion that if he had not been illegally detained on that sentence, he would not have been in custody and consented to the blood work from which his DNA profile was extracted and which later linked him to other crimes. On appeal, his argument is somewhat less clear, with the three issues he specifically raises presented as follows:

(1) Whether by ignoring the prior offense illegal probation confinement issues[,] [t]here was sufficient evidence for a finding of guilt of rape and sexual battery and sentence [the petitioner] to a[n] effective term of thirty-four (34) years[;] (2) Whether [the petitioner's] 4th Amendment Right was violated by the drawing of his blood by prison nurse and/or submission of it to the TBI's Codis Crime Lab Database and subsequent analysis[;] [and] (3) Whether assuming the Appellant's 4th Amendment Right was violated, "then is relief afforded him by application of the burden shifting analysis?"

The petitioner, while acknowledging that the issue of the admission of the DNA evidence has been addressed, appears to argue that both this court and the Tennessee Supreme Court "unlawfully decided" the issue. The petitioner also appears to assert that previous reviewing courts have mischaracterized his argument, claiming now that his consent to the blood draw was not valid as he was illegally detained when it was given. Much of the petitioner's brief is filled with arguments and law regarding sufficiency of the evidence, denial of motions for new trial, constitutionality of DNA collection statutes, and prosecutorial misconduct.

After review of the record, we must agree with the habeas corpus court that the defendant has failed to establish his entitlement to relief on this issue. Although failing with his repeated attempts to have the courts re-litigate the issue of the admissibility of the DNA evidence, the petitioner continues to file additional challenges to that evidence. However, as the habeas corpus court found, our supreme court has addressed the admissibility of that evidence and concluded that it was properly admitted based upon consent given by the petitioner. *Scarborough*, 201 S.W.3d at 625. Each of the multiple petitions filed since then have explicitly held that the issue has previously been adjudicated against the petitioner. Continued filing with a slight modification of his argument will not result in a different conclusion. Pursuant to the "law of the case" doctrine, an appellate court is generally without authority to reconsider issues that have been decided in a prior appeal; "issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000) (citing *Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)). In other words, a previous adjudication bars a petitioner from raising the issue anew in a denial of habeas corpus relief.

Moreover, as pointed out by the State, the petition was also properly dismissed because it failed to comply with mandatory procedural requirements of Tennessee Code Annotated section 29-21-107. More importantly, however, our reading of the petitioner's brief continually refers to issues which are not cognizable in habeas corpus petitions. Admissibility of evidence, prosecutorial misconduct, and sufficiency issues are not the type of issues which will render a judgment void; thus, they do not constitute a ground for habeas corpus relief. The petitioner's attack is on a sentence long expired, which, again, is not going to result in habeas corpus relief. No argument advanced by the petitioner attacks the validity of the current convictions directly; rather, each attack he mounts is a collateral attack on the sentence in a completely separate case. The petitioner is entitled to no relief.

**CONCLUSION**

Based upon the foregoing, the summary denial of the petition for writ of habeas corpus is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE